NOT FOR PUBLICATION

| | : | |
|---|---|---|
| **BRIAN HOVEY,** | : | UNITED STATES DISTRICT COURT |
| | : | DISTRICT OF NEW JERSEY |
| Plaintiff, | : | |
| | : | Hon. William J. Martini |
| -vs- | : | Civil Action No. 07-2193 (WJM) |
| | : | |
| **LAFARGE NORTH AMERICA, INC.,** | : | REPORT AND RECOMMENDATION |
| | : | |
| Defendant. | : | |
| | : | |

### INTRODUCTION

This matter comes before the Court upon plaintiff Brian Hovey's ("plaintiff") failure to comply with a court order. For the reasons set forth below, it is respectfully recommended that the complaint be dismissed with prejudice.

### BACKGROUND

This removed diversity action was initially filed in state court on or about March 7, 2007. The complaint alleges that plaintiff was employed by LaFarge North America, Inc. ("defendant") from some time in 2005 until March 20, 2006, when he was terminated in violation of the New Jersey Workers' Compensation Act and the New Jersey Law Against Discrimination. On May 10, 2007, defendant filed an answer denying the allegations in the complaint. On June 21, 2007, this Court held an initial scheduling conference and issued a pretrial scheduling order.

On October 29, 2007, plaintiff's counsel, Paula M. Dillon, Esq., filed a motion to be relieved as counsel after plaintiff: (1) failed to remain in contact with Ms. Dillion's office; (2) stated that he no longer wished to utilize Ms. Dillion's services; and (3) indicated that he may not wish to proceed with this case. (Affidavit of Paula M. Dillon, Esq. ¶¶ 4-5, 7, 9-12; Docket Entry No. 7.)

On December 5, 2007, this Court relieved Ms. Dillon as counsel and ordered plaintiff to obtain new counsel or enter an appearance pro se on or before December 20, 2007. (Order dated December 5, 2007.) The Court's Order specifically states that the "failure to comply will result in the undersigned issuing a Report to the District Judge recommending dismissal of the complaint." (Id.) At the direction of the Court, plaintiff's former counsel served plaintiff with the Order by regular and certified mail. By letter dated December 27, 2007, the undersigned was advised that the certified mailing was accepted at plaintiff's last known address on December 19, 2007. To date, plaintiff has failed to retain counsel, enter an appearance or remain in contact with the Court. On December 31, 2007, defendant requested dismissal of the complaint. This Report and Recommendation follows.

## ANALYSIS

The Federal Rules of Civil Procedure authorize a district court to sanction a party that fails to comply with a court order. See Fed. R. Civ. P. 16(f), 37(b)(2)(A). Moreover, district courts have the inherent authority to control the conduct of those that appear before it. See Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). If a party fails to comply with a court order applicable sanctions include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). As the United States Court of Appeals for the Third Circuit has expressly noted, sanctionable conduct includes the "failure to comply with [an] unambiguous order[] to obtain substitute counsel." Hoxworth v. Blinder, Robinson & Co. Inc., 980 F.2d 912, 919 (3d Cir. 1992).

The Third Circuit has approved the use of a six-part test, first enunciated in Poulis v. State Farm & Casualty Co., 747 F.2d 863 (3d Cir. 1984), to determine the propriety of a sanction depriving "a party of the right to proceed with or defend against a claim." Hoxworth, 980 F.2d at

919 (internal citation omitted). The Poulis factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to comply with orders and respond to discovery; (3) the history of noncompliance; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense. Poulis, 747 F.2d at 868. No single Poulis factor is determinative and dismissal may be appropriate even if some of the factors are not met. See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). While consideration of the Poulis factors is generally required, in extreme circumstances it is not necessary to engage in a Poulis analysis prior to the dismissal of a party's pleading. See, e.g., Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994) (no balancing necessary when a party willfully abandons its case); Sebrell ex rel. Sebrell v. Philadelphia Police Dept., 159 Fed. Appx. 371, 373-74 (3d Cir. 2005) (unpubl.) ("[W]hen a litigant's conduct makes the adjudication of the case impossible . . . balancing under Poulis is unnecessary."). Although the history here reflects that plaintiff has willfully abandoned this case, the Court will proceed with a Poulis analysis in the interest of completeness.

    1. Plaintiff's Personal Responsibility  Plaintiff has been directed to obtain new counsel or otherwise enter an appearance pro se. Plaintiff's failure to comply or otherwise contact the Court demonstrates a personal lack of interest in prosecuting this case. This conclusion is supported by plaintiff's statements to his attorney that he may not wish to proceed. As such, this Court finds that plaintiff is personally responsible for his failure to comply with this Court's Order.

    2. Prejudice to Defendant  Plaintiff's conduct has prejudiced defendant. Plaintiff has not responded to discovery requests or participated in the case in any way. Plaintiff's conduct and failure to remain in contact with the Court and counsel has prejudiced defendant's ability to defend this case.

3. <u>History of Noncompliance</u>     There is a limited history of noncompliance.  Plaintiff has failed to comply with this Court's Order, and has failed to remain in contact with the Court.

4. <u>Willfulness or Bad Faith</u>     There is no indication that plaintiff's conduct has been in bad faith.  However, it appears that plaintiff's conduct has been willful.  Plaintiff has chosen not to remain in contact with the Court or prosecute his case.  In addition, plaintiff has been served with this Court's Order and has failed to comply.  In the absence of any explanation for his non-compliance, the undersigned construes plaintiff's conduct as willful.

5. <u>Effectiveness of Alternative Sanctions</u>     There is no indication that alternative sanctions would be effective.  Plaintiff has willfully ignored a court order, failed to contact the Court, and indicated a desire to abandon this case.

6. <u>Meritoriousness of the Claim</u>  The Court is unable to determine the meritoriousness of plaintiff's claims.

In sum, plaintiff has failed to prosecute the case and failed to comply with a Court Order.  A balancing of the <u>Poulis</u> factors weighs in favor of dismissing the complaint with prejudice.

## **CONCLUSION**

For the above stated reasons, it is respectfully recommended that plaintiff's complaint be dismissed with prejudice.

Dated: January 14, 2008

                 /s/   Mark Falk
                 **MARK FALK**
                 **United States Magistrate Judge**

Orig.:  Clerk of the Court
   Hon. William J. Martini, U.S.D.J.
   All Parties
   File